UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RAFAEL GARAY,

Plaintiff,

v. Case No. 26-CV-1746

JOHN DOE 1–3,

Defendants.

---

# SCREENING ORDER

---

Plaintiff Rafael Garay, who is currently serving a state prison sentence at Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On November 2, 2026, Plaintiff paid the full filing fee for this case. This matter comes before the Court to screen the complaint.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It

must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

Plaintiff was placed in the Restrictive Housing Unit (RHU) at Redgranite Correctional Institution. While in RHU, Plaintiff slept on a mattress on the floor for 26 days because two inmates occupied a single cell. Plaintiff reported to the John Doe Officers multiple times that

when he gets off the floor to stand, he gets light-headed and dizzy. The officers responded that there was nothing they could do about the situation due to overcrowding. (ECF No. 1 at 2.)

On October 3, 2024, Plaintiff woke up. When he started standing, he fainted, fell, and hit his face on the sink. As a result, Plaintiff's tooth cut through his lower lip. The John Doe Officers evaluated Plaintiff's injury and sent him to the institution doctor. Plaintiff received three stiches in his lip. Plaintiff was placed back into the same cell on the floor. (*Id.* at 2–3.)

The next morning, on October 4, 2024, Plaintiff fainted again, but his cellmate caught his head. Officer Habeck (not a defendant) witnessed the fall. Plaintiff was seen by the institution nurse and placed back into the same cell on the floor. He seeks monetary damages. (*Id.* at 3–4.)

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff's claims arise under the Eighth Amendment. "The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citations omitted). To state a conditions-of-confinement claim, a plaintiff must allege that "the conditions are sufficiently serious—i.e., that they deny the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's health and safety" and that the defendants were deliberately indifferent to that risk. *Id.* (citations omitted). The Supreme Court has explained that "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v.*

*McMillian*, 503 U.S. 1, 9 (1992). Indeed, "the Eighth Amendment protects inmates only from conditions of confinement that result from intentional punishment by a prison official and not from those that exist solely as a result of a legitimate institutional concern." *Sanders v. Kingston*, 53 F. App'x 781, 783–84 (7th Cir. 2002). Plaintiff fails to state a claim based on his allegation that he had to sleep on a mattress on the floor for several nights as a result of overcrowding. The Seventh Circuit has held that the Eighth Amendment does not require elevated beds for prisoners. *Id.* at 783.

Plaintiff also fails to state a deliberate indifference claim against the John Doe Officers. A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. *Cesal v. Moats*, 851 F.3d 714, 720–21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). To state a claim, a plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Id.* at 721 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the inmate's health. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 836–38 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).

Plaintiff alleges that he reported to the John Doe Officers multiple times that when he gets off the floor to stand, he gets light-headed and dizzy. The officers responded that there was nothing they could do about the situation due to overcrowding. Yet, when Plaintiff did faint and injure his

lip on October 3, 2024, the John Doe Officers evaluated his injury and sent him to the institution doctor for treatment. Although Plaintiff alleges that he fell again on October 4, 2024, he does not indicate that the John Doe Officers knew that he fell for a second time. The complaint contains no allegations from which the Court can infer that the John Doe Officers were deliberately indifferent to his serious medical needs.

Plaintiff has failed to state a claim upon which relief can be granted. If Plaintiff wants to proceed with this lawsuit, he will need to file an amended complaint by **December 4, 2026**, that cures the deficiencies identified in this decision. Plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Plaintiff should set forth his allegations in short and plain statements. Plaintiff should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Plaintiff is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the Court will dismiss this case based on Plaintiff's failure to state a claim in his original complaint.

## REQUEST TO APPOINT COUNSEL

Plaintiff has filed a letter requesting that the Court appoint counsel for him. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar*

*v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)). The Court may also consider the merits and likelihood of success on the plaintiff's claim in deciding whether to recruit counsel. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) ("A permissible and important aspect of that stewardship is a district court's consideration of the perceived merits of—or likelihood of success on—an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it.").

To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to obtain counsel. *Pickett v. Chi. Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry . . . ." *Eagan*, 987 F.3d at 682. To demonstrate he satisfied the first prong, Plaintiff must show he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when Plaintiff attempted to contact the lawyers; and (4) the lawyers' responses.

Plaintiff has not submitted evidence showing that he made reasonable attempts to secure counsel on his own. Plaintiff's request to appoint counsel can be denied for this reason alone.

Even if Plaintiff had made reasonable attempts to secure counsel on his own, the Court would still deny his request because Plaintiff appears capable of representing himself during the early stages of this case. When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019). Plaintiff's letter fails to allege facts from which the Court could determine that he lacks the capacity to effectively communicate with the Court and represent himself at the early stages of this case. Nothing in Plaintiff's filings suggest that he is unable to file an amended complaint.

All that Plaintiff must do at this stage is tell the Court what happened in an amended complaint. His amended complaint need not—indeed, *should not*—contain legal arguments or case citations. As explained, Plaintiff should prepare his amended complaint like he is telling a story to someone who knows nothing about the facts of his case. Plaintiff has personal knowledge of what happened, so the Court is confident that he can prepare an amended complaint on his own. The Court encourages Plaintiff to review the enclosed litigation guide. The guide contains helpful information about how the case will proceed and has a glossary of commonly used legal terminology.

Accordingly, Plaintiff's request to appoint counsel is denied without prejudice. If new challenges arise that Plaintiff does not believe he can overcome on his own, he may renew his request by motion. If he does so, he should be specific about the challenges he faces and the efforts he has made to overcome them. He should also specifically describe the efforts he made to locate a lawyer without the Court's help, including identifying at least three lawyers that he has contacted.

He should state when he contacted them and enclose copies of any responses he received from them.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request to appoint counsel (ECF No. 12) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **December 4, 2026**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on November 4, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge